IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN YANKEE, individually and on behalf of all those similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:16-cv-2873<br>) |
| v. | ) The Hon. Gary Feinerman<br>) |
| KRAFT HEINZ FOODS COMPANY; TARGET CORPORATION; SUPERVALU, INC., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF AGREED MOTION TO STAY

This action is only one of 27—and counting—lawsuits filed against Kraft Heinz alleging that "100% Parmesan Cheese" products were mislabeled. These lawsuits have been filed all across the country, ranging from California to Illinois to Ohio to New York. All of these lawsuits raise virtually identical factual allegations and assert virtually identical theories of relief. Two separate petitions to consolidate these cases have been filed before the Joint Panel on Multidistrict Litigation ("MDL Panel"), and not a single party has opposed centralizing these cases before a single judge.

Kraft Heinz accordingly seeks to stay this case pending the ruling of the MDL panel, and Plaintiff does not oppose this motion. This case is at an early stage: No substantive motions have been filed, no schedules have been entered, and no discovery has been taken. Given the likelihood that this case will be consolidated and transferred, it would waste the resources of the parties and this Court to move forward pending the determination of the MDL petitions. And because the MDL Panel is scheduled to hear this case on May 26, 2016, and is likely to issue a decision shortly thereafter, a stay would entail only a short delay and would impose

correspondingly minimal prejudice to Plaintiff. Accordingly, this Court should grant this motion to stay this case until the MDL Panel rules upon the pending motions to transfer and consolidate the various lawsuits against Kraft Heinz.[1]

## BACKGROUND

The first lawsuit targeting Kraft Heinz's "100% Parmesan Cheese" was filed in February 2016. Since then, 26 additional lawsuits—all containing virtually identical factual allegations—have been filed, including most recently on April 5. And because each of these lawsuits was filed in the last three months, all of them are in the very early pleading stages.

Due to the factual and legal similarities between these cases, two plaintiffs have filed separate petitions seeking to consolidate the lawsuits against Kraft Heinz. One set of plaintiffs filed MDL Petition 2705, which seeks to consolidate all of the mislabeled-parmesan lawsuits against Kraft Heinz, Wal-Mart Stores, Target Corporation, and other parmesan cheese manufacturers into a single, industry-wide MDL in the Eastern District of Missouri. *See* Ex. A (MDL 2705 Petition). Another set of plaintiffs filed MDL Petition 2707, which seeks to consolidate only the cases against Kraft Heinz into an MDL in the Southern District of New York.[2] *See* Ex. B (MDL 2707 Petition). The parties have taken different stances on the appropriate venue for consolidated proceedings, as well as the whether the cases should be consolidated into an industry-wide MDL or defendant-specific MDLs. But not a single party has opposed consolidation of the cases against Kraft Heinz into an MDL of one sort or another.

---

[1] In the alternative, Kraft Heinz requests that this court stay the action until the end of June 2016, at which time Kraft Heinz will inform the Court about the status of the pending MDL petitions.

[2] Likewise, another set of plaintiffs filed MDL Petition 2708, which seeks to consolidate all of the cases against Wal-Mart Stores, Inc. along similar lines.

2

The parties finished their briefing on the two MDL petitions on April 12, 2016. The MDL Panel has scheduled oral argument on MDL Petitions 2705 and 2707 on May 26, 2016. Given the similarities between the various parmesan cheese lawsuits and the fact that no party has opposed consolidation, Kraft Heinz expects that the MDL Panel will consolidate the cases in some form. Accordingly, Kraft Heinz requests that this Court stay this lawsuit until the MDL Panel issues its ruling on those two petitions.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts regularly exercise that power to stay proceedings pending a potential transfer by the MDL Panel in order to conserve judicial resources and avoid prejudice to the parties. *See, e.g.*, *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

Courts generally consider three factors when considering a motion to stay pending transfer by the MDL Panel: (1) the judicial resources that would be saved by avoiding duplicative litigation; (2) the hardship and inequity the moving party would suffer if the case were not stayed; and (3) potential prejudice to the non-moving party. *Id.* at 1360; *see also, e.g.*, *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009) (applying these factors)

3

*Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) (same). Each factor militates in favor of staying this case.

**I.     A Stay Will Conserve Judicial Resources, Pending the MDL Panel Determination.**

The MDL Panel is authorized to consolidate cases into multidistrict proceedings "when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events." *In re Air W. Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see generally* 28 U.S.C. § 1407(a) (authorizing transfer of actions to multidistrict proceedings when multiple cases "involv[e] one or more common questions of fact" and transfer "will promote the just and efficient conduct of such actions"). There is no serious dispute that the MDL panel will ultimately consolidate and transfer this case to another court. Twenty-seven cases have been filed against Kraft Heinz alone (in addition to dozens of cases against Wal-Mart, Target, and other defendants), and not a single party has opposed consolidating those cases into either an industry-wide or a Kraft Heinz-only MDL.

Because the MDL Panel is likely to transfer this case, any pre-transfer proceedings would needlessly waste judicial resources, especially because the transferee judge may vacate or modify those rulings. *See Rivers*, 980 F. Supp. at 1361 ("[T]he time and energy that this Court would devote to any rulings it might make . . . could be for naught if this actions is transferred to another court and that court modifies or vacates any of this Court's orders."); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011) (granting motion to stay and characterizing the "preservation of judicial resources" as a "compelling public interest"). Accordingly, "to the extent the Court can predict the [MDL Panel's] transfer decision, this action appears a good candidate for transfer or consolidation under § 1407, and therefore a good candidate for a brief stay pending a decision." *Altria Grp.*, 624 F. Supp. 2d at 136.

4

## II.  Kraft Heinz Will Suffer Significant Prejudice Absent a Stay.

Given the likelihood that this case will be transferred for consolidated pretrial proceedings, Kraft Heinz will suffer significant prejudice if it is forced to litigate this case in the meantime. All of the cases against Kraft Heinz raise virtually identical factual allegations and will require correspondingly similar discovery. In the absence of a stay, Kraft Heinz will be forced to conduct discovery that is not only duplicative of the discovery it would conduct in the MDL, but that may also be governed by different rules than the transferee court and that may raise the specter of inconsistent discovery rulings. *See, e.g.*, *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (holding that, in the absence of a stay, the defendant "will potentially face duplicative proceedings and inconsistent or inefficient discovery regimes").

Further, failing to stay this case may lead to inconsistent rulings. *See Altria Grp.*, 624 F. Supp. 2d at 135-36 ("[I]f this Court acted now, it would preempt the transferee court's discretion, ruling without a clear understanding of how a certification might affect the efficient conduct of pretrial proceedings in the . . . other related cases, and it might make a decision that the transferee court would not have made."); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) (noting that "conflicting decisions by this Court and the transferee court" would "decreas[e] a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues").

## III.  Plaintiff Will Not Suffer Prejudice If This Case Is Stayed.

As the Court is aware, this case is in its early stages: No substantive motions have been filed, no schedules have been entered, and no discovery has been taken. Accordingly, a slight

5

delay in the proceedings pending the MDL Panel's decision will not pose any prejudice to Plaintiff.[3] Accordingly, Plaintiff does not oppose this motion for a stay.[4]

### CONCLUSION

For the foregoing reasons, this Court should grant Kraft Heinz's motion to stay this case pending the decision of the MDL Panel on MDL Petitions 2705 and 2707 or, alternatively, until the end of June 2016.

Dated: April 25, 2016            Respectfully submitted

By:    /s/ Dean N. Panos

Dean N. Panos (Illinois Bar #6203600)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
dpanos@jenner.com

*Attorneys for the Kraft Heinz Company*

---

[3] *See Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 ("[S]hort delays caused by saying proceedings until the [MDL Panel] decides whether to transfer a case usually do not prejudice the plaintiff."); *Fuller v. Amerigas Propane, Inc.*, No. 09-2493, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (holding that a stay would cause "no meaningful prejudice" because "both cases for which MDL treatment is sought are in very early procedural stages and . . . the MDL panel is expected to hear this matter within a few months"). Any minimal prejudice resulting from such a short delay "does not outweigh the disadvantages of litigating identical claims in a multitude of venues." *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000); *see also Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant.").

[4] Defendants Target Corp. and Supervalu, Inc. also do not oppose this motion to stay.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Agreed Motion to Stay was filed on April 25, 2016 with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to the following:

**Target Corporation** represented by **Joshua Glikin**
Bowie & Jensen, LLC
29 West Susquehanna Avenue
Suite 600
Towosn, MD 21204
(410) 583-2400
Email: glikin@bowie-jensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eileen Marie Letts**
Greene & Letts
55 West Monroe
Suite 600
Chicago, IL 60603
(312) 346-1100
Fax: 312-346-4571
Email: emletts@greeneandletts.com
*ATTORNEY TO BE NOTICED*

**Joelle Marnie Shabat**
Greene & Letts
55 West Monroe
Suite 600
Chicago, IL 60604
(312) 346-1100
Email: jshabat@greeneandletts.com
*ATTORNEY TO BE NOTICED*

**Martin Peter Greene**
Greene & Letts
55 West Monroe
Suite 600
Chicago, IL 60603
(312) 346-1100
Email: mpgreene@greeneandletts.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Supervalu Inc.** | represented by | **Colby Anne Kingsbury**<br>Faegre Baker Daniels LLP<br>311 S. Wacker Dr.<br>#4300<br>Chicago, IL 60606<br>(312)212-6500<br>Fax: (312) 212-6501<br>Email: Colby.Kingsbury@FaegreBD.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kate E Middleton**<br>Faegre Baker Daniels LLP<br>311 S. Wacker Drive<br>Suite 4300<br>Chicago, IL 60606<br>(312) 212-6500<br>Email: kate.middleton@faegrebd.com<br>*ATTORNEY TO BE NOTICED* |
| **Ann Yankee**<br>*individually and on behalf of all others similarly situated* | represented by | **Carol V Gilden**<br>Cohen Milstein Sellers & Toll PLLC<br>190 S. LaSalle Street<br>Suite 1705<br>Chicago, IL 60603<br>(312) 357-0370<br>Fax: (312) 357-0369<br>Email: cgilden@cohenmilstein.com<br>*ATTORNEY TO BE NOTICED* |

By: */s/ Dean N. Panos*
    Dean N. Panos

8