**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN YANKEE, individually and on behalf of all those similarly situation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:16-cv-2873 |
| v. | ) ) | The Honorable Gary Feinerman |
| KRAFT HEINZ FOOD COMPANY, TARGET CORPORATION AND SUPERVALU, INC. | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF AGREED MOTION TO STAY BY DEFENDANT, TARGET CORPORATION

This Action is only one of a half-dozen lawsuits filed against Defendant, Target Corporation ("Target"), alleging that Target's "100% Grated Parmesan Cheese" Market Pantry product was mislabeled. All of these lawsuits raise virtually identical factual allegations and assert virtually identical theories of relief. Two separate petitions to consolidate these cases have been filed before the Joint Panel on Multidistrict Litigation ("JPML"), and not a single party has opposed centralizing these cases, which mirror similar actions brought against various other retailers, including co-Defendant in this Action, Kraft Heinz Foods Company ("Kraft").

Target accordingly seeks to stay this case pending the ruling of the JPML, and Plaintiff does not oppose this Motion. This Court already stayed this Action with respect to Kraft for the same reasons stated herein. (*See* Order at Dkt. No. 29.) This case is at an early stage, in that no substantive motions have been filed, no schedules have been entered, and no discovery has been taken. Given the likelihood that this case will be consolidated and transferred, it would waste the resources of the parties and this Court to move forward pending the determination of

the MDL petitions. And, because the MDL Panel is scheduled to hear this case on May 26, 2016, and is likely to issue a decision shortly thereafter, a stay would entail only a short delay and would impose correspondingly minimal prejudice to the Plaintiff. Accordingly, this Court should grant this motion to stay this case until the MDL Panel rules upon the pending motions to transfer and consolidate the various lawsuits against Target and the other Defendants.

## **<u>BACKGROUND</u>**

The first lawsuit targeting Target's "100% Grated Parmesan Cheese" was filed in March 2016. Since then, 5 additional lawsuits—all containing virtually identical factual allegations—have been filed, most recently on May 19. Because each of these lawsuits was filed in the last three months, all of them are in the very early pleading stages.

Due to the factual and legal similarities between these cases, two plaintiffs have filed separate petitions seeking to consolidate the lawsuits against Target and other defendants. One set of plaintiffs filed MDL Petition 2705, which seeks to consolidate all of the grated Parmesan lawsuits against Target, Kraft, Wal-Mart Stores, Inc. ("Wal-Mart"), and other Parmesan cheese manufacturers or retailers into a single, industry-wide MDL in the Eastern District of Missouri. *See* Ex. A (MDL 2705 Petition (attachments omitted)). Other Plaintiffs filed MDL Petitions 2707 and 2708, which seek to consolidate similar cases against Kraft and Wal-Mart. *See* Exs. B and C (MDL 2707 and 2708 Petitions (attachments omitted)). The parties have taken different stances on the appropriate venue for consolidated proceedings, as well as whether the cases should be consolidated into an industry-wide MDL or defendant-specific MDLs. Not a single party has opposed consolidation of the cases against Target or any other defendant into an MDL of one sort or another.

The parties finished their briefing on the three pending MDL petitions and the JPML

scheduled oral argument on the three petitions on May 26, 2016. Given the similarities between the various parmesan cheese lawsuits and the fact that no party has opposed consolidation, Target expects that the MDL Panel will consolidate the cases in some form. Accordingly, Target requests that this Court stay this lawsuit until the MDL Panel issues its ruling.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts regularly exercise that power to stay proceedings pending a potential transfer by the JPML in order to conserve judicial resources and avoid prejudice to the parties. *See, e.g., Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). Courts generally consider three factors when considering a motion to stay pending transfer by the JPML: (1) the judicial resources that would be saved by avoiding duplicative litigation; (2) the hardship and inequity the moving party would suffer if the case were not stayed; and (3) potential prejudice to the non-moving party. *Id.* at 1360; *see also, e.g., Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009) (applying these factors); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) (same). Each factor militates in favor of staying this case.

### I.        A Stay Will Conserve Judicial Resources.

The MDL Panel is authorized to consolidate cases into multidistrict proceedings "when

two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events." *In re Air W. Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see generally* 28 U.S.C. § 1407(a) (authorizing transfer of actions to multidistrict proceedings when multiple cases "involv[e] one or more common questions of fact" and transfer "will promote the just and efficient conduct of such actions"). There is no serious dispute that the JPML will ultimately consolidate and transfer this case to another court. Six cases have been filed against Target (in addition to dozens of cases against Kraft, Wal-Mart, and other defendants), and not a single party has opposed consolidating those cases.

The JPML is likely to transfer this case, any pre-transfer proceedings would needlessly waste judicial resources, especially because the transferee judge may vacate or modify those rulings. *See Rivers*, 980 F. Supp. at 1361 ("[T]he time and energy that this Court would devote to any rulings it might make . . . could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders."); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011) (granting motion to stay and characterizing the "preservation of judicial resources" as a "compelling public interest"). Accordingly, "to the extent the Court can predict the [MDL Panel's] transfer decision, this action appears a good candidate for transfer or consolidation under § 1407, and therefore a good candidate for a brief stay pending a decision." *Altria Grp.*, 624 F. Supp. 2d at 136.

### II. Target Will Suffer Significant Prejudice Absent a Stay.

Given the likelihood that this case will be transferred for consolidated pretrial proceedings, Target will suffer significant prejudice if it is forced to litigate this case in the meantime. All of the cases against Target raise virtually identical factual allegations and will require correspondingly similar discovery. In the absence of a stay, Target will be forced to

conduct discovery that is not only duplicative of the discovery it would conduct in the MDL, but that may also be governed by different rules than the transferee court and that may raise the specter of inconsistent discovery rulings.  *See, e.g.*, *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (holding that, in the absence of a stay, the defendant "will potentially face duplicative proceedings and inconsistent or inefficient discovery regimes").

Further, failing to stay this case may lead to inconsistent rulings.  *See Altria Grp.*, 624 F. Supp. 2d at 135-36 ("[I]f this Court acted now, it would preempt the transferee court's discretion, ruling without a clear understanding of how a certification might affect the efficient conduct of pretrial proceedings in the . . . other related cases, and it might make a decision that the transferee court would not have made."); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) (noting that "conflicting decisions by this Court and the transferee court" would "decreas[e] a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues").

## III.    Plaintiff Will Not Suffer Prejudice If This Case Is Stayed.

As the Court is aware, this case is in its early stages, in that no substantive motions have been filed, no schedules have been entered, and no discovery has been taken.  Accordingly, a slight delay in the proceedings pending the MDL Panel's decision will not pose any prejudice to

Plaintiff.[1]   Accordingly, Plaintiff does not oppose this motion for a stay.[2]

## CONCLUSION

For the foregoing reasons, this Court should grant Target's motion to stay this Action pending the decision of the MDL Panel on MDL Petitions 2705 or, alternatively, until the end of June 2016.

Dated:  May 23, 2016                     Respectfully submitted,


   /s/ Joshua A. Glikin
Joshua A. Glikin
Bowie & Jensen, LLC
29 West Susquehanna Avenue, Suite 600
Towson, Maryland 21204
Phone: (410) 583-2400
Facsimile: (410) 583-2437


/s/ Eileen M. Letts
Eileen M. Letts
Greene and Letts
55 West Monroe Street, Suite 600
Chicago, Illinois 60603
Phone: (312) 346-1100
Facsimile: (312) 346-4571
emletts@greeneandletts.com


*Attorneys for Defendant, Target Corporation*

---

[1] *See Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 ("[S]hort delays caused by saying proceedings until the [MDL Panel] decides whether to transfer a case usually do not prejudice the plaintiff."). Any minimal prejudice resulting from such a short delay "does not outweigh the disadvantages of litigating identical claims in a multitude of venues." *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000); *see also Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant.")

[2] Defendants Kraft and Supervalu, Inc. also do not oppose this motion to stay.

**<u>CERTIFICATE OF SERVICE</u>**

I, Eileen M. Letts, an attorney, hereby certify that on this <u>25th</u> day of May, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Eileen M. Letts</u>
Eileen M. Letts
